Case 4:16-cv-00599   Document 10   Filed in TXSD on 03/30/17   Page 1 of 6

United States District Court
Southern District of Texas

**ENTERED**
March 30, 2017
David J. Bradley, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATTY KNOERR, | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-599 |
| | § | |
| PINNACLE ASSET GROUP, L.L.C., | § | |
| | § | |
| *Defendant*. | § | |

## MEMORANDUM OPINION & ORDER

Pending before the court is plaintiff Patty Knoerr's motion for default judgment. Dkt. 9. After considering the complaint, motion, evidentiary record, and applicable law, the court is of the opinion that the motion against defendant Pinnacle Asset Group, L.L.C. ("Pinnacle") should be GRANTED IN PART and DENIED IN PART.

### I. BACKGROUND

This action arises from Pinnacle's alleged violations of the Fair Debt Collection Practices Act ("FDCPA"). Dkt. 1 at 1 (citing 15 U.S.C. § 1692). Patty Knoerr resides in Hempstead, Texas, and is a "consumer" as defined by § 1692a(3). Dkt. 1 at 1. Pinnacle Asset Group is a New York business operating as a collection agency and is a "debt collector" as defined by § 1692a(6). *Id.*

Knoerr allegedly incurred a debt to Pro Carpet. Dkt. 1 at 2. The Pro Carpet debt was later purchased, assigned, or transferred to Pinnacle for collection. *Id.* In October 2015, Pinnacle began calling Knoerr to collect the debt. *Id.* According to Knoerr, Pinnacle first threatened to turn the debt over to the IRS if she did not pay the debt immediately. *Id.* Knoerr argues this was a misleading statement because she has not received any communications from the IRS regarding the debt. *Id.*

at 3. Pinnacle later called Knoerr's mother-in-law and told her that there was an emergency and that Knoerr needed to return the call. *Id.* at 2. Knoerr claims that was false and that the call was an unlawful intimidation tactic. *Id.* at 2–3. To date, the debt has not been paid. *Id.*

On March 7, 2016, Knoerr brought this lawsuit, alleging that Pinnacle violated the FDCPA by unlawfully contacting Knoerr and using false and deceptive means to collect the debt. Dkt. 1. On April 6, 2016, Pinnacle was properly served with process. Dkt. 5. Pinnacle's deadline to answer or otherwise respond was April 27, 2016. *See* Fed. R. Civ. P. 12(a). Pinnacle was informed of its deadline for responding and Pinnacle has not answered or otherwise responded to this lawsuit. Dkt. 9, Ex. 2 (DeFrancisco Aff.).

On August 18, 2016, Knoerr moved for entry of default judgment against Pinnacle. Dkt. 9, Ex. 1. Pursuant to the Local Rules of the Southern District of Texas, Knoerr served this motion for default judgment upon Pinnacle via certified mail, with return receipt requested. Dkt. 9 at 3; *see also* S.D. Tex. L.R. 5.5. Pinnacle failed to respond to the motion for default judgment.

## II. LEGAL STANDARD

Under Federal Rule of Civil Procedure 55(a), "[w]hen a party against whom judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise, the clerk must enter the party's default." Fed. R. Civ. P. 55(a). Under Rule 55(b)(2), a party may apply for the court to enter a default judgment, and the "court may conduct hearings or make referrals—preserving any federal statutory right to a jury trial—when, to enter or effectuate judgment, it needs to: (A) conduct an accounting; (B) determine the amount of damages; (C) establish the truth of any allegation by evidence; or (D) investigate any other matter." Fed. R.

Civ. P. 55(b)(2). Local Rule 5.5 requires that motions for default judgment "be served on the defendant-respondent by certified mail (return receipt requested)." S.D. Tex. L.R. 5.5.

A default judgment is a "drastic remedy, not favored by the Federal Rules[,] and resorted to by courts only in extreme situations." *Sun Bank of Ocala v. Pelican Homestead & Sav. Ass'n*, 874 F.2d 274, 276 (5th Cir. 1989). "The Federal Rules of Civil Procedure are designed for the just, speedy, and inexpensive disposition of cases on their merits, not for the termination of litigation by procedural maneuver." *Id.*

### III. ANALYSIS

#### A.    Liability Under the FDCPA

The FDCPA was enacted to "eliminate abusive debt collection practices by debt collectors, to insure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses." 15 U.S.C. § 1692. Among other things, the FDCPA prohibits debt collectors from "using any false, deceptive, or misleading representation or means in connection with the collection of any debt." § 1692e.

Under the FDCPA, "debt collector" includes "any person who uses any instrumentality of interstate commerce or the mails in any business, the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another." § 1692a(6). A "debt" is defined under the FDCPA as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, property, insurance, or services which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to

3

judgment." § 1692a(5). "'[C]onsumer' means any natural person obligated or allegedly obligated to pay any debt." § 1692a(3). Section 1692 is applicable here because the evidence shows that Knoerr is a "consumer" as defined by § 1692a(3), Pinnacle is a "debt collector" as defined by § 1692a(6), and Pinnacle attempted to collect a "debt" from Knoerr. Dkt. 1 at 2.

To establish liability, Knoerr must show that Pinnacle failed to comply with any provisions under the statute. § 1692k. This includes provisions to properly collect location information, to prevent harassment or abuse, and to prevent false or misleading representations. *Id.* Knoerr's well-pleaded complaint establishes these violations. Dkt. 1. Here, Pinnacle allegedly engaged in abusive and harassing tactics when it first called Knoerr, threatening to turn her debt over to the IRS and then called Knoerr's mother-in-law and falsely told her that there was an emergency and that Knoerr needed to return the call. Dkt. 1 at 2. In the two phone calls that Pinnacle made to Knoerr and her mother-in-law, the court finds that Pinnacle intentionally provided false or misleading representations in violation of § 1692. The court finds that Pinnacle has violated the FDCPA and that Knoerr is entitled to damages.

**B.    Damages**

Knoerr seeks (1) $1,000 in statutory damages; (2) $5,000 in actual damages; and (3) costs and attorneys' fees. Dkt. 7, Ex. 3 at 8.

*1. Statutory Damages*

Knoerr requests statutory damages for Pinnacle's violations of the FDCPA. Dkt. 1 at 4. The court may award statutory damages of up to $1,000 per plaintiff. § 1692k(a)(2)(A). The FDCPA is a strict liability statute and the defendant's culpability is only relevant for computing damages under the statute. *In re Eastman*, 419 B.R. 711, 728–29 (Bankr. W.D. Tex. 2009). In determining

4

the amount in liability, the court shall consider, among other relevant factors, "the frequency and persistence of noncompliance by the debt collector, the nature of such noncompliance, and the extent to which such noncompliance was intentional. . . ." § 1692k(b)(1). The court has determined that Pinnacle violated the FDCPA and finds that a statutory award of $1,000 is appropriate in this case.

*2. Actual Damages*

Knoerr requests actual damages for suffering from humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment. Dkt. 1 at 3. Actual damages may be awarded under the FDCPA and include "not only out-of-pocket expenses, but also damages for personal humiliation, embarrassment, mental anguish, and emotional distress." *Reyelts v. Cross*, 968 F. Supp. 2d 835, 846 (citing *Monroe v. Frank*, 936 S.W.2d 654, 661 (Tex. App.—Dallas 1996, writ dism'd w.o.j.)). To recover actual damages, a plaintiff must provide direct evidence as to the "nature, duration, and severity of the mental anguish" which must establish a substantial disruption in the plaintiff's daily routine. *Id.* (citing *Bullock v. Abbott & Ross Credit Servs., L.L.C.*, No. A–09–413–LY, 2009 WL 4598330, at *3 (W.D. Tex. Dec. 3, 2009)). Plaintiff must submit "actual evidence of distress and injury, not merely conclusory statements about it." *Harrington v. Nat'l Enter. Sys., Inc.*, No. 4:08cv422, 2010 WL 890176, at *4 (E.D. Tex. Mar. 9, 2010) (citing *Tallon v. Lloyd & McDaniel*, 497 F. Supp. 2d 847, 851 (W.D. Ky. 2007)). Knoerr's complaint, standing alone, includes conclusory statements of humiliation, anger, anxiety, emotional distress, fear, frustration, and embarrassment and is an insufficient basis to recover emotional damages under the FDCPA. Because she has not provided any evidence of distress and injury for which she claims, Knoerr's request for actual damages is DENIED.

*3. Attorneys' Fees and Costs*

Pursuant to 15 U.S.C. § 1692k(a)(3), a plaintiff is entitled to reasonable attorneys' fees as well as costs in the event of a successful action to enforce liability under the statute. Because Knoerr is entitled to recover statutory damages, she is also entitled to reasonable attorneys' fees and costs. "Attorney's fees must be calculated at the 'prevailing market rates' in the relevant 'community for similar services by attorneys of reasonably comparable skills, experience, and reputation.'" *Fagan v. Lawrence Nathan Assocs., Inc.*, 957 F. Supp.2d 784, 804 (citing *Blum v. Stenson*, 465 U.S. 886, 895 n.11, 104 S. Ct. 1541 (1984)). Knoerr's request for attorneys' fees and costs is GRANTED.

## IV. CONCLUSION

Knoerr's motion for default judgment for statutory damages and attorneys' fees and costs (Dkt. 9) is GRANTED. Knoerr's request for actual damages is DENIED. The court awards reasonable attorneys' fees and costs and $1,000 for statutory damages, plus post-judgment interest at the rate of 1.00% per annum. There shall be no award of pre-judgment interest. Within ten (10) days of this order, Knoerr is ORDERED to submit evidence of her attorneys' fees and costs.

Signed at Houston, Texas on March 30, 2017.

_____
Gray H. Miller
United States District Judge