# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF TEXAS
## HOUSTON DIVISION

| | | |
|---|---|---|
| PATTY KNOERR, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-16-599 |
| | § | |
| PINNACLE ASSET GROUP, L.L.C., | § | |
| | § | |
| *Defendant.* | § | |

## ORDER

Pending before the court is plaintiff Patty Knoerr's motion for attorneys' fees and costs.
Dkt. 13. Having considered the motion, related filings, and applicable law, the court is of the
opinion that Knoerr's motion for fees and costs (Dkt. 13) should be GRANTED.

## I. BACKGROUND

On March 7, 2016, Knoerr filed her complaint against defendant Pinnacle Asset Group,
L.L.C., ("Pinnacle") for violations of the Fair Debt Collection Practices Act ("FDCPA"). Dkt. 1
(citing 15 U.S.C. § 1692). On April 6, 2016, Pinnacle was served with process, and has not
answered or otherwise responded. Dkt. 5; *see* Fed. R. Civ. P. 12(a). On August 18, 2016, Knoerr
moved for entry of default judgment against Pinnacle. Dkt. 9, Ex. 1. On March 20, 2017, the court
granted default judgment in favor of Knoerr and awarded $1,000.00 in statutory damages. Dkt. 10.
The court also held that Knoerr was entitled to reasonable attorneys' fees and costs and granted
Knoerr an extension to submit evidence of her attorneys' fees and costs. *Id.*; Dkt. 12. On May 10,
2017, Knoerr filed her motion for attorneys' fees and costs, seeking a total award of $3,380.00.
Dkt. 13. Pinnacle has not filed any objections. *Id.*

## II. LEGAL STANDARD

Under the FDCPA, a plaintiff in a "successful action to enforce [FDCPA] liability" can recover "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). Here, Knoerr prevailed in the litigation and is entitled to reasonable attorneys' fees and costs.

Once a court has determined that a plaintiff is entitled to attorneys' fees, then it must determine the amount. *Hopwood v. Texas*, 236 F.3d 256, 277 (5th Cir. 2000). Courts use a two-step process to calculate reasonable attorneys' fees. *Migis v. Pearle Vision, Inc.*, 135 F.3d 1041, 1047 (5th Cir.1998). First, the court calculates a "lodestar" fee by multiplying the reasonable number of hours spent on the case by the reasonable hourly rates for the participating lawyers. *Id.* Second, the court considers whether the lodestar should be adjusted upward or downward depending on the circumstances of the case, under the twelve *Johnson* factors. *Id.* (citing *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir.1974)). "In many consumer cases, which limit recoveries to a relatively small damages amount, the fees awarded are seemingly disproportionate. This does not 'render the award of attorneys' fees excessive.'" *Malick v. NCO Fin. Servs., Inc.*, CIV.A. H-14-1545, 2015 WL 4078037, at *3 (S.D. Tex. July 6, 2015) (Rosenthal, J.) (citing *Northwinds Abatement v. Emp'rs Ins.*, 258 F.3d 345, 355 (5th Cir. 2001)).

A reasonable rate for attorneys' fees awarded under § 1692k(a)(3) is the prevailing market rate for attorneys of comparable experience employed in cases of similar complexity. *See Cope v. Duggins*, 203 F. Supp.2d 650, 655 (E.D. La. 2002) (citing *Blum v. Stenson*, 465 U.S. 886, 895–96, n.11 (1984)). The movant seeking attorneys' fees bears the initial burden of submitting adequate documentation of the hours expended and hourly rates. *Hensley v. Eckerhart*, 461 U.S. 424, 437, 103 S. Ct. 1933 (1983).

### III. ANALYSIS

Knoerr seeks $2,145.00 in attorneys' fees, an additional $750.00 for preparing the fee petition, and $485.00 in costs for the filing fee and the service of process. Dkt. 13, Exs. A, B. She requests a total amount of $3,380.00. *Id.* Knoerr asserts her counsel, Jenny DeFrancisco, a senior associate at Lemberg Law, worked 5.9 hours at a rate of $300 an hour, and a paralegal worked 3 hours at a rate of $125. *Id.* (citing *Malick*, 2015 WL 4078037, at *3 ("Attorneys in FDCPA cases within the Southern District of Texas, Houston Division, are generally awarded fees using a $300.00 hourly rate.")). Multiplying DeFrancisco and her paralegal's reasonable hours by their reasonable hourly rate results in a lodestar amount of $2,145.00. Dkt. 13.

DeFrancisco worked an additional 2.5 hours in drafting the fee petition at a rate of $300, and seeks a total of $750.00 for preparing the fee application. *Id.* The court finds this is reasonable. *See Prater v. Commerce Equities Mgmt. Co., Inc.*, CIV.A. H-07-2349, 2008 WL 5140045, at *7 (S.D. Tex. Dec. 8, 2008) (Rosenthal, J.) (collecting cases) ("In general, when a plaintiff is awarded reasonable attorneys' fees, the plaintiff is also entitled to an award of reasonable attorneys' fees in connection with the time spent to prepare the fee application.").

Knoerr has met her burden of showing the amount of attorneys' fees and costs totaling $3,380.00 are reasonable. Dkt. 13, Ex. A (attorney time-log), Ex. B (costs). No additional facts indicate that the lodestar should be adjusted. Therefore, the court AWARDS Knoerr attorneys' fees and costs in the amount of $3,380.00.

### IV. CONCLUSION

Knoerr's motion for fees and costs (Dkt. 13) is GRANTED.  The court hereby AWARDS

Knoerr the following attorneys' fees and costs:

(1) $2,145.00 in attorneys' fees through the motion for default judgment;

(2) $750.00 in attorneys' fees associated with preparing the fee application; and

(3) $485.00 in costs.

Signed at Houston, Texas on May 16, 2017.

Gray H. Miller
United States District Judge